Matter of Argentieri (2021 NY Slip Op 03986)





Matter of Argentieri


2021 NY Slip Op 03986


Decided on June 17, 2021


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed June 17, 2021.)


&em;

[*1]MATTER OF PAUL A. ARGENTIERI, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of censure entered.
Per Curiam.
Respondent was admitted to the practice of law by this Court on June 26, 1978. During the time period relevant to this matter, respondent maintained an office in Hornell. In August 2020, the Grievance Committee filed a petition asserting against respondent five charges of professional misconduct, including engaging in frivolous conduct during litigation, communicating about the subject matter of a legal proceeding with a party known to be represented by a lawyer in the proceeding, and making false statements of fact concerning the conduct or integrity of a judge. Although respondent filed an answer denying material allegations of the charges, the parties thereafter filed a joint motion for an order imposing discipline by consent wherein respondent conditionally admits certain factual allegations of the petition, and the parties request that the Court enter a final order of public censure.
The charges in the petition primarily arise from respondent's alleged frivolous conduct and false statements of law or fact made in relation to litigation involving certain real property owned by his clients. Respondent conditionally admits that, in 2013, his clients were named as defendants in an action seeking a judgment granting the plaintiffs the right to traverse the clients' property. The plaintiffs asserted various legal theories in support of their claims, including easement by necessity, easement by prescription, and a right of access pursuant to a quit claim deed that had been filed with the relevant county clerk in 2013. A trial was held in 2017, after which respondent successfully moved for summary judgment on behalf of his clients. Respondent conditionally admits that, after the plaintiffs' time to appeal the order determining that motion expired, respondent sent a letter to one of the plaintiffs and the plaintiff's spouse offering to refrain from commencing a civil action against them for prosecuting a fraudulent deed in exchange for a payment to respondent's clients in the amount of $90,000. Respondent admits that the plaintiff and his spouse declined respondent's offer, and respondent thereafter commenced a civil action against them alleging "abuse of process" and other torts based, in part, on the allegation that they had prosecuted a "fraudulent deed." Respondent admits that he also falsely alleged in that action that the trial court's determination had established that the relevant plaintiff had committed three felonies and engaged in a "fraud on the court" by relying on the purportedly fraudulent deed. Respondent admits that, after a grievance complaint was filed against him based on his above-referenced conduct, he made certain false or misleading statements of law or fact during the grievance investigation, including that the trial judge who presided over the real property litigation had requested that respondent perform a "favor" for the judge by refraining from pursuing allegations that one of the attorneys for the relevant plaintiff had assisted in procuring the purportedly fraudulent deed.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and the specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court declines to impose the sanction requested by the parties or otherwise denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding [*2](see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's conditional admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 3.1 (a)—bringing or defending a proceeding, or asserting or controverting an issue therein, without a basis in law or fact for doing so that is not frivolous;
rule 3.3 (a) (1)—making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to a tribunal by the lawyer;
rule 4.2 (a)—communicating during the course of the representation of a client about the subject of the representation with a party the lawyer knows to be represented by a lawyer in the matter;
rule 8.2 (a)—knowingly making a false statement of fact concerning the qualifications, conduct or integrity of a judge or other adjudicatory officer;
rule 8.4 (c)—engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
Although the parties in the joint motion for discipline on consent state that respondent also violated rules 3.4 (e) and 4.3 of the Rules of Professional Conduct, we decline to sustain those alleged rule violations inasmuch as they are not supported by the record.
In imposing the sanction requested by the parties, we have considered the nature of the misconduct and certain matters in mitigation, including that respondent has no prior disciplinary history after over 40 years in the practice of law; that he has expressed remorse and acknowledged that his misconduct was improper; and that the misconduct was isolated to a single client matter. We have also considered that the record reflects that respondent's false and frivolous conduct in the real property litigation does not appear to have been motivated by a desire for personal gain to respondent. Accordingly, we conclude that respondent should be publicly censured.